**Margaret A. MADIGAN, Plaintiff–Appellant,**

v.

**NABISCO BRANDS, INC./RJR REYN- OLDS COMPANY, INC., Defen- dant–Appellee.**

No. 02–3292.

United States Court of Appeals, Sixth Circuit.

Sept. 16, 2002.

Before NORRIS and CLAY, Circuit

Judges;  O'MEARA, District Judge.*

### ORDER

Margaret Madigan, an Ohio plaintiff proceeding pro se, appeals a district court judgment granting summary judgment to the defendant in her amended employment discrimination action brought under Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990(ADA).  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Madigan was employed by the defendant (Nabisco Brands) for approximately eleven years, primarily as a shipping clerk.  She alleged that, after years of favorable reviews, she was subjected to discriminatory harassment and was finally fired in September 1997 in violation of Title VII, the ADEA, and the ADA. Madigan submitted a right-to-sue letter from the Equal Employment Opportunity Commission along with her complaint.  In a second amended complaint, Madigan raised two additional claims: she was subjected to a constructive discharge in violation of 38 U.S.C. § 4212; and the defendant violated the Occupational Safety and Health Act (OSHA) by exposing her to hazardous and toxic substances, particularly aspartame dust, found to exacerbate multiple sclerosis (MS), with which she has been diagnosed.

The district court accepted a magistrate judge's recommendation that the defendant's motion to dismiss the two new claims be granted. The magistrate judge found that Madigan's allegation under § 4212 failed to state a claim because that statute applies only to veterans and Madigan did not allege that she is a veteran. The magistrate judge further found that OSHA does not create a private cause of action under which Madigan could bring a claim.

Nabisco Brands subsequently filed a motion for summary judgment, to which Madigan responded.  The district court granted the defendant's motion for summary judgment in a memorandum opinion and order entered on February 19, 2002. A separate judgment was entered the same day.  The district court determined that Madigan had failed to state a Title VII claim because she did not identify the basis of the alleged discrimination under Title VII and pleaded no facts showing that her discharge was motivated by discrimination prohibited by that statute; while she established a prima facie case of age discrimination, she failed to rebut Nabisco Brands' nondiscriminatory reason for her termination; and, while it may be assumed that MS is a physical impairment, Madigan did not show that the disease substantially limits a major life activity and did not provide requested medical documentation to support her request for accommodation.

On appeal, Madigan argues that the district court erred in dismissing her OSHA claim and in granting summary judgment to Nabisco Brands on her Title VII, ADEA, and ADA claims.

Upon review, we affirm the district court's judgment for the reasons stated therein.  Madigan does not raise on appeal the dismissal of her claim under 38 U.S.C. § 4212.  Therefore, that issue is considered to be abandoned and is not reviewa-

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

ble on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

A district court's dismissal for failure to state a claim upon which relief may be granted is reviewed *de novo. Inge v. Rock Fin. Corp.,* 281 F.3d 613, 619 (6th Cir. 2002). This court must accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Id.* "Dismissal is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Id.* (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

The district court did not err in dismissing Madigan's OSHA claim. This circuit has held that there exists no private cause of action for an alleged OSHA violation. *See Ellis v. Chase Communications, Inc.,* 63 F.3d 473, 477 (6th Cir.1995).

This court also reviews *de novo* a district court's grant of summary judgment. *Strouss v. Mich. Dep't of Corr.,* 250 F.3d 336, 341 (6th Cir.2001). "Summary judgment is appropriate if a party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case." *Id.* In reviewing the district court's judgment, this court construes the evidence and all inferences to be drawn therefrom in a light most favorable to the nonmoving party. *Id.* However, " '[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.' " *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The district court properly granted summary judgment for the defendant in this case. A plaintiff may establish a prima facie case of employment discrimination either by presenting direct evidence of intentional discrimination by the defendant, or by providing circumstantial evidence which creates an inference of discrimination. *Hopkins v. Elec. Data Sys. Corp.,* 196 F.3d 655, 660 (6th Cir.1999); *Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 253 (6th Cir.1998). However, "mere personal belief, conjecture and speculation are insufficient to support an inference of ... discrimination." *Woythal v. Tex–Tenn Corp.,* 112 F.3d 243, 247 (6th Cir.1997).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.